**United States Court of Appeals for the Tenth Circuit**
OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

March 15, 2007

Mr. Gregory C. Reed
Colorado State Penitentiary
#46179
P.O. Box 777
Canon City, CO 81215-0777

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 15 2007

GREGORY C. LANGHAM
CLERK

Mr. John W. Suthers
Attorney General
State of Colorado
Department of Law
1525 Sherman Street, 5th Floor
Denver, CO 80203

    Re:    07-1008, Reed v. Brodus
            Dist/Ag docket: 06-CV-1750-BNB

Dear Mr. Reed and Counsel:

    Enclosed is a copy of an order entered today in this case.

    Please contact this office if you have questions.

                            Sincerely,

                            Elisabeth A. Shumaker
                            Clerk, Court of Appeals

                      By:                      
                            Deputy Clerk

clk:pdw

cc: Gregory C. Langham, Clerk

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

GREGORY C. REED,

Movant,

v.

MARK BRODUS; JOHN SUTHERS,
The Attorney General of the State
of Colorado,

Respondents.

No. 07-1008

A true copy
Teste

Elisabeth A. Shumaker
Clerk, U.S. Court of
Appeals, Tenth Circuit
By
Deputy Clerk

ORDER
Filed March 15, 2007

Before **BRISCOE**, **EBEL**, and **GORSUCH**, Circuit Judges.

Movant Gregory C. Reed, a Colorado state inmate proceeding pro se, has filed a motion for leave to file a second or successive 28 U.S.C. § 2254 habeas corpus petition under 28 U.S.C. § 2244(b). We deny leave.

In 1989, a jury convicted Reed of aggravated robbery and four habitual criminal counts. He filed a § 2254 petition collaterally challenging that conviction in 2002, which was denied by the district court. This court denied Reed a certificate of appealability. *Reed v. Atherton*, No. 03-1013 (10th Cir. July 16, 2003).

In September 2006, Reed filed a second § 2254 petition in federal district court. Having no jurisdiction to entertain a § 2254 petition without authorization from this court, the district court transferred the matter to this court. *See Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006); 28 U.S.C. § 2244(b)(3). Reed has now filed a motion requesting authorization to file a second or successive § 2254 petition, stating that he seeks to claim that two of the prior convictions underlying the habitual criminal counts were based on invalid guilty pleas. He contends he did not receive an adequate advisement under Rule 11 of the Colorado Rules of Criminal Procedure and, thus, the guilty pleas are void.

To obtain permission to file a second or successive § 2254 petition, Reed must show that he has not raised his claim in a previous habeas petition, 28 U.S.C. § 2244(b)(1), and that his new claim either "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id.* § 2244(b)(2)(A), or depends on facts, previously undiscoverable through the exercise of due diligence, that would establish by clear and convincing evidence that he was not guilty of the offense, *id.* § 2244(b)(2)(B). Reed contends that he is relying on a new rule of constitutional law, namely the Supreme Court's decision in *Shepard v. United States*, 544 U.S. 13 (2005). *Shepard* held that guilty pleas may establish a predicate offense for the purpose of sentencing enhancement under the Armed Career Criminal Act, *id.* at 19, but that in determining whether a prior conviction

qualifies as a predicate offense, a court may only look to certain prescribed sources of information, not including police reports or complaint applications, *id.* at 16. Reed does not explain, nor can we ascertain, how *Shepard* is relevant to his proposed claim. In any event, the Supreme Court has not declared *Shepard* to be retroactively applicable. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."). Thus, Reed has not shown that he meets the requirements of § 2244(b)(2).

Accordingly, we DENY Reed leave to file a second or successive § 2254 petition. This denial of authorization is not subject to further review by way of rehearing, appeal, or writ of certiorari. 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

By: *[signature]*
Deputy Clerk